## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DAVID L. K.,[1]                                    :    Case No.  3:20-CV-502
                                                   :
      Plaintiff,                              :
                                                   :
                                                   :    Magistrate Judge Peter B. Silvain, Jr.
vs.                                                :    (by full consent of the parties)
                                                   :
COMMISSIONER OF THE SOCIAL                         :
SECURITY ADMINISTRATION,                           :
                                                   :
      Defendant.                              :

## DECISION AND ENTRY

Plaintiff David L K. brings this case challenging the Social Security Administration's denial of his application for a period of disability and Disability Insurance Benefits.  The case is before the Court upon Plaintiff's Statement of Errors (Doc. #13), the Commissioner's Memorandum in Opposition (Doc. #17), Plaintiff's Reply (Doc. #18), and the administrative record. (Doc. #10).

## I.  Background

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements.  *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on April 30, 2018, alleging disability due to several impairments, including epilepsy, diabetes, arthritis, high blood pressure, depression, and seizures. (Doc. #10-6, *PageID* #264). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

Step 1:     Plaintiff has not engaged in substantial gainful activity since April 28, 2018, the alleged onset date.

Step 2:     He has the following severe impairments: a seizure disorder; diabetes mellitus; and a mild neurocognitive disorder.

Step 3:     He does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:     His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consist of a "medium work [] subject to the following limitations: (1) no climbing of ladders, ropes, and scaffolds; (2) no work around hazards such as unprotected heights or dangerous machinery; (3) no driving of automotive equipment; (4) limited to performing simple, repetitive tasks with an SVP of 1 or 2; (5) no jobs involving fast-paced production work or strict production quotas; and (6) limited to performing jobs that involve very little, if any, change in the job duties or the work routine from one day to the next."

Step 4:     He is unable to perform his past relevant work as a sales representative.

Step 5:     Considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #10-2, *PageID* #s 52-62). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since April 28, 2018. *Id.* at 62-63.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10-2, *PageID* #s 53-62), Plaintiff's Statement of Errors (Doc. #13), and the Commissioner's Memorandum in Opposition (Doc. #17). To the extent that additional facts are relevant, they will be summarized in the discussion below.

## II.     **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow

3

its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III.    Discussion

In this case, Plaintiff alleges that the "ALJ reversibly erred in evaluating the opinion of treating specialist Dr. Privitera." (Doc. #13, *PageID* #913).  He also argues that the ALJ erred in failing to consider a closed period of disability. *Id*. at 917. (citing Doc. #10-7, *PageID* #530). In response, the Commissioner maintains that the ALJ evaluated Dr. Privitera's opinion consistent with the regulations and that his decision is supported by substantial evidence. (Doc. #17, *PageID* #s 934-43).

### A.  Treating Physician

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. Those standards recently changed for claims filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c, 404.1527. Because Plaintiff's claim for disability was filed in April 2018, the Social Security Administration's new regulations for evaluating medical opinion evidence apply to this case.

Previously, the Social Security Administration followed the "treating physician rule," which required an ALJ to give "controlling weight" to a treating source's opinion so long as it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

4

However, the new regulations changed this standard for applications filed on or after March 27, 2017. 20 C.F.R. § 404.1520c. Under the new regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …." § 404.1520c(a). Instead, the new regulations direct the ALJ to evaluate the persuasiveness of each medical opinion by considering the five following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." § 404.1520c(c). Further, because the regulations consider supportability and consistency the "most important factors," ALJs are obligated to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions," while they "may, but are not required to, explain how [they] considered" the remaining factors. § 404.1520c(b)(2).

With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." § 404.1520c(c)(1). Similarly, with respect to the consistency factor, "[t]he more consistent a medical opinion(s) ... is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) ...." § 404.1520c(c)(2).

Thus, while these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No.

5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)).

In this case, Plaintiff alleges that the ALJ erred in his assessment of Plaintiff's treating neurologist, Michael Privitera, M.D. (Doc. #13, *PageID* #s 917-18). In addition to the medical records submitted from his treatment of Plaintiff, Dr. Privitera also examined Plaintiff and completed a "Residual Functional Capacity Form" in August 2018. (Doc. #10-7, *PageID* #s 529-34). On the form, Dr. Privitera indicated Plaintiff's symptoms of medication-resistant focal seizures with altered awareness; traumatic brain injury (TBI) in 1994 with residual ataxia and some cognitive impairment; adverse effects of medication with severe toxicity with severe cognitive impairment/encephalopathy; hyerammonemia; unintentional weight loss; and tremor. *Id.* at 529. When asked about Plaintiff's prognosis, Dr. Privitera reported that Plaintiff's seizures remain uncontrolled and that the "side effects of medication have lessened compared to 2017-early 2018, but remain a problem [and] unlikely to improve beyond today's assessment." *Id*. at 530. Dr. Privitera indicated that Plaintiff's impairments would not prevent him from sitting or standing for six to eight hours and that he could that lift/carry up to 50 pounds, though his walking is unsteady. *Id.* at 530-31. Dr. Privitera found that Plaintiff is unable to drive and has limitations in his ability to work and function normally due to his seizures and cognitive impairment. *Id*. at 533. In support of these findings, Dr. Privitera cited to two CT scans and an EEG report from May 2018. *Id*.

6

In reviewing Dr. Privitera's opinion, the ALJ found it to be "unpersuasive." (Doc. #10-2, *PageID* #57). Specifically, ALJ Kenyon disagreed with Dr. Privitera's finding that Plaintiff's seizures were not controlled, citing to Plaintiff's hearing testimony that his seizures were well-controlled with medication as well as notes from the treatment records demonstrating that Plaintiff did not have seizures since 2018. *Id.* (citing Doc. #10-8, *PageID* #s 612, 615, 621; 876, 889). ALJ Kenyon also was unpersuaded by Dr. Privitera's findings that Plaintiff had ataxic gait and tremors, noting that these problems appeared mild and the result of medication overload following the May 2018 seizure. *Id.* (citing Doc. #10-8, *PageID* #37). Similarly, the ALJ also pointed out that the references of cognitive and memory deficits were characterized in the treatment notes as mild. *Id.* (citing Doc. #10-8, *PageID* #s 828, 881).

The ALJ's explanation for finding Dr. Privitera's opinion unpersuasive is clearly articulated and supported by substantial evidence. The ALJ specifically discussed the two most important factors listed in 20 C.F.R. § 404.1520c—supportability and consistency. While Plaintiff points to evidence demonstrating that he had seizures with multiple concerns in 2018, such evidence does not undermine the ALJ's analysis but, rather, is consistent with his finding that Plaintiff's seizures have been controlled since his last seizure in 2018. This was further supported by the ALJ's reliance on the March 2019 treatment record finding that Plaintiff's seizures were stable with medication and Plaintiff's January 2020 record denying seizures. (Doc. #10-2, *PageID* #57) (citing Doc. #10-8, *PageID* #s 876, 889). The ALJ also pointed out discrepancies between Dr. Privitera's findings related to Plaintiff's ataxic gait, tremors, and cognitive deficits and the treatment records indicating that these conditions were mild. *Id.* (citing Doc. #10-8, *PageID* #s

7

828, 881). In short, the ALJ satisfied the articulation requirements and was not required to discuss any other factor. *See* 20 C.F.R. § 404.1520c(b)(2) (requiring only that the ALJ articulate how she considered the supportability and consistency factors).

Finally, while it is true that the ALJ's decision must be supported by substantial evidence, it is Plaintiff who "bears the burden of proving the existence and severity of limitations caused by h[is] impairments" through step four of the sequential evaluation process. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Accordingly, it is Plaintiff's burden to prove that he has a more restrictive RFC than that assessed by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999)). Plaintiff, however, does not indicate through citations to the record evidence or through factual or legal analysis what functional limitations caused by his seizures, diabetes, and mild neurocognitive disorder are not already accounted for in the RFC. Significantly, the other medical opinions of record, including Sarah Barwick, Psy.D., Phillip Swedberg, M.D., David Knierim, M.D., and Steve McKee, M.D., also found that Plaintiff could perform a range of medium work despite his limitations. (Doc. #10-3, *PageID* #s 114-19, 130-36; Doc. #10-8, *PageID* #s 791-97, 799-806). In turn, the ALJ factored these restrictions into the RFC. (Doc. #10-2, *PageID* #s 57-59). Accordingly, the ALJ's failure to impose more restrictive limitations to account for these diagnoses is not unreasonable. *See Kocher v. Comm'r of Soc. Sec.*, No. 2:14-cv-2263, 2015 WL 7307998, at *5 (S.D. Ohio Nov. 20, 2015) (Kemp, M.J.), *report and recommendation adopted*, 2015 WL 9489750 (S.D. Ohio Dec. 30, 2015) (Smith, D.J.) (quoting *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005)) ("[W]hen 'there is no evidence in the record, of any functional limitations

as a result of [an impairment] that the ALJ failed to consider,' a remand for further resolution of this issue is unnecessary."); *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."); *Townsend v. Astrue*, No. 6:12-CV-00261-SI, 2013 WL 687042, at *5 (D. Or. Feb. 25, 2013) (failure to discuss a diagnosis is error, but harmless where record does not reveal any limitations due to the diagnosed condition). Based on the foregoing, Plaintiff has failed to meet his burden of proving that his seizure disorder, diabetes mellitus, and a mild neurocognitive disorder require a more restrictive RFC than that assessed by the ALJ.

### B. Closed Period of Disability

Plaintiff also argues that the ALJ failed to consider whether he is entitled to a closed period of disability. (Doc. #13, *PageID* #917). Disability benefits can be awarded for a closed period. *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir.1972). An individual who meets the twelve–month durational requirement of 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A) may be entitled to benefits from the time his disability commences until such time as the disability ceases. *Lang v. Secretary of HHS*, No. 88–1561, 1989 WL 40188, at *2 (6th Cir. 1989).

In this case, ALJ Kenyon did not explicitly consider whether Plaintiff was entitled to a closed period of benefits, nor was he required to. *See, e.g., Sielaff v. Comm'r of Soc. Sec.*, No. 1:10CV1571, 2012 U.S. Dist. LEXIS 21079 at *1, 2012 WL 567614, at *1 (N.D. Ohio Feb. 21, 2012) (finding no law exists requiring an ALJ "to use 'magic words' and specifically indicate that a closed period of disability had been considered and rejected."); *Marks v. Comm'r of Soc. Sec.*, No. 2:20-CV-3923, 2021 WL 2217072, at *8 (S.D. Ohio June 2, 2021) (Jolson, M.J.), *report and*

*recommendation adopted*, No. 2:20-CV-3923, 2021 WL 5316758 (S.D. Ohio Nov. 16, 2021) (Marbley, D.J.) (same); *Dutkiewicz v. Comm'r of Soc. Sec.*, No. 1:15-cv-163, 2015 U.S. Dist. LEXIS 166749 at *14, 2015 WL 8757250, at *5 (W.D. Mich. Dec. 14, 2015) (holding that although the ALJ's decision did not contain a specific finding stating that he considered a closed period of disability, the ALJ had considered the record as a whole, which necessarily showed that he found the plaintiff did not demonstrate a closed period of disability). Instead, the ALJ discussed the record as a whole and concluded that Plaintiff "has not been under a disability…from April 28, 2018, through the date of this decision[.]" (Doc. #10-2, *PageID* #62). This necessarily shows that the ALJ found that Plaintiff did not demonstrate a closed period of disability. *See Sielaff*, 2012 WL 567614, at *1.

In support of his argument that ALJ Kenyon failed to consider a closed period of disability, Plaintiff cites to a page of Dr. Privitera's assessment where he indicated that Plaintiff started having severe adverse side effects around August 2017. (Doc. #13, *PageID* #917) (citing Doc. #10-7, *PageID* #530). Thus, to the extent that Plaintiff is arguing that the ALJ should have considered a 12-month period beginning in August 2017, his argument is without merit as this was prior to his alleged onset date of April 28, 2018. For all these reasons, Plaintiff was not entitled to a closed period of benefits.

Based on the foregoing, Plaintiff's Statement of Errors is not well taken.

**IT IS THEREFORE ORDERED THAT:**

1.    Plaintiff's Statement of Errors (Doc. #13) is **DENIED;**

2.    The Commissioner's non-disability determination is **AFFIRMED**; and

10

3.      The case is terminated on the docket of this Court.


June 6, 2022                                        *s/Peter B. Silvain, Jr.*
_____                            _____
                                                   Peter B. Silvain, Jr.
                                                   United States Magistrate Judge


11